IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-CIV-21179-Martinez/Goodman

SILVER CROWN INVESTMENTS, LLC, a
Florida Limited Liability Company, COSMO
ESTATE MANAGEMENT, LLC, a Florida
Limited      Liability      Company,      GBG
DEVELOPMENT USA, LLC, a Florida
Limited            Liability            Company,
INTERNATIONAL BC, LLC, a Florida
Limited Liability Company,  M&A USA,
LLC, a Florida Limited Liability Company,
INVESTMENT GROUP AO1, LLC a Florida
Limited  Liability  Company,  JP  &  LO
INVESTMENTS, LLC, a Florida Limited
Liability    Company,    GOLD    COAST
INVESTMENTS, LLC, a Florida Limited
Liability Company, MILLAGE, LLC, a
Florida    Limited    Liability    Company,
TOMACLA LLC, a Florida Limited Liability
Company, BA INVESTMENTS USA, LLC, a
Florida Limited Liability Company, and CMH
GROUP INTERNATIONAL, LLC, a Florida
Limited Liability Company,  and LUCAS
INVESTMENTS, LLC, a Florida Limited
Liability  Company,  in  their  Corporate
Capacities  and  derivatively,  on  behalf  of
MANOR GLENN INVESTMENTS, LLC,

        Plaintiffs,

vs.

TEAM  REAL  ESTATE  MANAGEMENT,
LLC, a Florida Limited Liability Company,
TEAM  REAL  ESTATE  DEVELOPMENT,
LLC, a Florida Limited Liability Company,
TEAM REAL ESTATE TITLE SERVICES,
LLC, a Florida Limited Liability Company,
ATLANTA R.E. INVESTMENTS GROUP
LLC, a Florida Limited Liability Company,
VALERIA SEMINARA, individually and as
corporate director of TEAM REAL ESTATE
DEVELOPMENT,     LLC,     CHRISTIAN
FINKELBERG, individually and as corporate

In Re: Manor Glenn Investments, LLC
Page 2 of 41

director of TEAM REAL ESTATE
DEVELOPMENT, LLC, LIDIA SALERNO,
individually and as corporate director of
TEAM REAL ESTATE DEVELOPMENT,
LLC, ANDRES ROBERTO FINKELBERG,
individually and as corporate director of
TEAM REAL ESTATE DEVELOPMENT,
LLC, a Florida Limited Liability Company,,
RUBEN SANTURIAN, individually and as
corporate director of TEAM REAL ESTATE
MANAGEMENT, LLC, DIEGO BESGA,
individually and as corporate director of
TEAM REAL ESTATE MANAGEMENT,
LLC, a Florida Limited Liability Company,
ALEX NAHABETIAN, individually and as a
corporate director of TEAM REAL ESTATE
MANAGEMENT, LLC, a Florida Limited
Liability Company,

      Defendants.
_____/

## SECOND AMENDED COMPLAINT FOR DAMAGES AND DERIVATIVE COMPLAINT

The Plaintiffs, SILVER CROWN INVESTMENTS, LLC, a Florida Limited Liability

Company, COSMO ESTATE MANAGEMENT, LLC, a Florida Limited Liability Company,

GBG DEVELOPMENT USA, LLC, a Florida Limited Liability Company, INTERNATIONAL

BC, LLC, a Florida Limited Liability Company, M&A USA, LLC, a Florida Limited Liability

Company, INVESTMENT GROUP AO1, LLC, a Florida Limited Liability Company, JP & LO

INVESTMENTS, LLC, a Florida Limited Liability Company, GOLD COAST INVESTMENTS,

LLC, a Florida Limited Liability Company, MILLAGE, LLC, a Florida Limited Liability

Company, TOMACLA, LLC, a Florida Limited Liability Company, BA INVESTMENTS USA,

LLC, CMH GROUP INTERNATIONAL, LLC, and LUCAS INVESTMENTS, LLC, a Florida

Limited Liability Company, in their Corporate Capacities and derivatively, on behalf of MANOR

GLENN INVESTMENTS, LLC, (hereinafter "Plaintiffs') by and through their undersigned

counsel, hereby sue Defendants, TEAM REAL ESTATE MANAGEMENT, LLC, a Florida

Limited Liability Company TEAM REAL ESTATE DEVELOPMENT, LLC, a Florida LLC,

TEAM REAL ESTATE TITLE SERVICES, LLC a Florida Limited Liability Company,

ATLANTA R.E. INVESTMENTS GROUP LLC, a Florida Limited Liability Company, TEAM

REAL ESTATE TITLE SERVICES, LLC, a Florida Limited Liability Company, VALERIA

SEMINARA, individually and as corporate director of TEAM REAL ESTATE

DEVELOPMENT, LLC, CHRISTIAN FINKELBERG, individually and as corporate director of

TEAM REAL ESTATE DEVELOPMENT, LLC, LIDIA SALERNO, individually and as

corporate director of TEAM REAL ESTATE DEVELOPMENT, LLC, and, ANDRES

ROBERTO FINKELBERG, individually and as corporate director of TEAM REAL ESTATE

DEVELOPMENT, LLC, a Florida Limited Liability Company, RUBEN SANTURIAN,

individually and as corporate director of TEAM REAL ESTATE MANAGEMENT, LLC,

DIEGO BESGA, individually and as corporate director of TEAM REAL ESTATE

MANAGEMENT, LLC, ALEX NAHABETIAN, individually and as a corporate director of

TEAM REAL ESTATE MANAGEMENT, LLC, (hereinafter "Defendants") and allege as

follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is a Complaint which advances two types of claims against the corporate Defendant,

MANOR GLENN INVESTMENTS, LLC, (hereafter "MANOR GLENN"), and its Officers and

Directors who are named as individual Defendants herein and its former manager, TEAM REAL

ESTATE DEVELOPMENT, LLC. There are direct claims by these Plaintiffs for: a) breach of their

respective agreements with MANOR GLENN; b) breach of the Defendants' statutory, fiduciary

duties as managers; c) fraud in the inducement; d) accounting; and e) inspection of books and

records.  This is also a derivative action brought by these Plaintiffs on behalf of themselves and

all other similarly situated members of the Defendant, MANOR GLENN, to recover sums that

were wasted and lost by the Defendant Limited Liability Company as a result of the wrongful and negligent acts of the individual Defendants, its managers and its members.

2.      This is an action which exceeds the minimum jurisdictional limits of this Court, exclusive of interest and costs.

3.       Venue is appropriate in Miami-Dade County as all of the acts giving rise to these claims occurred in Miami-Dade County, and the Defendants reside here.

4.      MANOR GLENN, LLC, is a Florida Limited Liability Company its members are the following Limited Liability Companies:

      a)  SILVER CROWN INVESTMENTS, LLC,

      b)  COSMO ESTATE MANAGEMENT, LLC,

      c)  GBG DEVELOPMENT USA, LLC

      d)  INTERNATIONAL BC, LLC,

      e)  M&A USA, LLC,

      f)  INVESTMENT GROUP AO1, LLC,

      g)  JP & LO INVESTMENTS, LLC,

      h)  GOLD COAST INVESTMENTS, LLC

      i)  MILLAGE, LLC

      j)  TOMACLA, LLC

      k)  BA INVESTMENTS USA, LLC

      l)  CMH GROUP INTERNATIONAL, LLC,

      m)  LUCAS INVESTMENTS, LLC,

      n)  CHERIE GROUP, LLC, a non-plaintiff member; and

      o)  TYS INVESTMENTS, LLC, a non-plaintiff member.

5.      SILVER CROWN INVESTMENTS, LLC, is a Florida Limited Liability Company. Its

In Re: Manor Glenn Investments, LLC
Page 5 of 41

members are:

     a)  Daniel H S Jablonski, a citizen and resident of Argentina;

     b)  Gabriela E. Barnetch, a citizen and resident of Argentina; and

     c)  Dora Borodowski, a citizen and resident of Argentina.

6.     COSMO ESTATE MANAGEMENT, LLC, is a Florida Limited Liability Company. Its sole member is Alejandro Snitowski, a citizen and resident of Argentina.

7.     GBG DEVELOPMENT USA, LLC, is a Florida Limited Liability Company. Its members are:

     a)  Alejandro Guasconi, a citizen and resident of Argentina;

     b)  Alberto H. Guerra, a citizen and resident of Argentina; and

     c)  Raul Becerra, a citizen and resident of Argentina.

8.     INTERNATIONAL BC, LLC, is a Florida Limited Liability Company. Its members are:

     a)  Raul Becerra, a citizen and resident of Argentina; and

     b)  Daniel Congestri, a citizen and resident of Argentina.

9.     M&A USA, LLC, is a Florida LLC. Its members are:

     a)  Fernando Navarro, a citizen and resident of Argentina; and

     b)  Gabriela Arias, a citizen and resident of Argentina.

10.     INVESTMENT GROUP AO1, LLC, is a Florida Limited Liability Company. Its members are:

     a)  Gabriel Carlino, a citizen and resident of Argentina;

     b)  Fernando Heer, a citizen and resident of Argentina;

     c)  Christian Gesualdo, a citizen and resident of Argentina; and

     d)  Jose Manuel Lema, a citizen and resident of Argentina.

In Re: Manor Glenn Investments, LLC

Page 6 of 41

11.     JP & LO INVESTMENTS, LLC, is a Florida Limited Liability Company. Its members are:

    a) Juan Pablo Segura, a citizen and resident of Argentina; and

    b) Lorena Duarte, a citizen and resident of Argentina.

12.     GOLD COAST INVESTMENTS, LLC, is a Florida Limited Liability Company. Its members are:

    a) Guillermo Ambrosini, a citizen and resident of Argentina; and

    b) Maria Alejandra Parisi, a citizen and resident of Argentina.

13.     MILLAGE, LLC, is a Florida Limited Liability Company. Its members are:

    a) Jorge Faerman, a citizen and resident of Argentina;

    b) Patricia Noemi Sarfati, a citizen and resident of Argentina;

    c) Ligia Faerman, a citizen and resident of Argentina;

    d) Hugo Urrutigoity, a citizen and resident of Argentina; and

    e) Matias Adriel Faerman, a citizen and resident of Argentina.

14.     TOMACLA, LLC, is a Florida Limited Liability Company. Its members are:

    a) Pablo Sebastian Borelli, a citizen and resident of Argentina; and

    b) Ingrid Georgina Borelli, a citizen and resident of Argentina.

15.     BA INVESTMENTS USA, LLC, is a Florida Limited Liability Company. Its members are:

    a) Luis Parma, a citizen and resident of Argentina; and

    b) Teresa Cibulski, a citizen and resident of Argentina.

16.     CMH GROUP INTERNATIONAL, LLC, is a Florida Limited Liability Company. Its members are:

    a) Marcelo Piraino, a citizen and resident of Argentina; and

In Re: Manor Glenn Investments, LLC
Page 7 of 41

    b) Juan Carlos Piraino, a citizen and resident of Argentina.

17.    LUCAS INVESTMENTS LLC, is a Florida Limited Liability Company. Its sole member is Dafne Janowski, a citizen and resident of Argentina.

18.    CHERIE GROUP, LLC, is a Florida Limited Liability Company. Upon information and belief, its sole member is Ivana Pages, a citizen and resident of Argentina.

19.    TYS INVESTMENTS is a Florida LLC. Upon information and belief, its sole member is Sebastian Pages, a citizen and resident of Texas.

## THE PLAINTIFF MEMBERS

20.    Plaintiff, SILVER CROWN INVESTMENTS, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, SILVER CROWN INVESTMENTS, LLC was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Member Interest Transfer Agreement attached hereto as Exhibit "A").

21.    Plaintiff, COSMO ESTATE MANAGEMENT, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. The sole member of the LLC is a citizen and resident of Argentina. At all times material hereto, COSMO ESTATE MANAGEMENT, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

22.    Plaintiff, GBG DEVELOPMENT & INVESTMENT, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, GBG DEVELOPMENT & INVESTMENT, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership

Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

23.    Plaintiff, INTERNATIONAL BC, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, INTERNATIONAL BC, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

24.    Plaintiff, M & A GROUP, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, M & A GROUP, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

25.    Plaintiff, INVESTMENT GROUP A01, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, INVESTMENT GROUP A01, LLC, was and is a Florida Limited Liability Company, doing business in Miami-Dade County. At all times material hereto, INVESTMENT GROUP A01, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

26.    Plaintiff, JP & LO BUSINESS VENTURES, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, JP & LO BUSINESS VENTURES, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as

In Re: Manor Glenn Investments, LLC
Page 9 of 41

Exhibit "A").

27.     Plaintiff, GOLD COAST INVESTMENTS, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, GOLD COAST INVESTMENTS, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

28.     Plaintiff, MILLAGE, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, MILLAGE, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

29.     Plaintiff, TOMACLA, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, TOMACLA, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

30.     Plaintiff, BA INVESTMENTS USA, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and residents of Argentina. At all times material hereto, INVESTMENTS USA, LLC, was and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached hereto as Exhibit "A").

31.     Plaintiff, CMH GROUP INTERNATIONAL, LLC, is a Florida Limited Liability Company, doing business in Miami-Dade County. All members of the LLC are citizens and

residents of Argentina. At all times material hereto, CMH GROUP INTERNATIONAL, LLC, was

and is a minority member of Defendant MANOR GLENN pursuant to a "Membership Interest

Transfer Agreement" dated May 6, 2014 (Membership Interest Transfer Agreement attached

hereto as Exhibit "A").

32.     Plaintiff, LUCAS INVESTMENTS, LLC, is a Florida Limited Liability Company, doing

business in Miami-Dade County. The sole member of the LLC is a citizen and resident of

Argentina. At all times material hereto, LUCAS INVESTMENTS, LLC, is a minority member of

Defendant MANOR GLENN pursuant to an assignment of interest from Estanislao Janoski after

the initial complaint was filed.

33.     The "Membership Interest Transfer Agreement of MANOR GLENN" and the "Operating

Agreement" referenced, *supra,* [and attached hereto as Exhibits "A" and "B"] were form contracts

provided by Defendant TEAM REAL ESTATE MANAGEMENT, LLC, and/or TEAM REAL

ESTATE DEVELOPMENT, LLC, to all of its members, and were identical in form and substance

to the contracts provided to all of the Plaintiff members identified below (except, obviously, in

name of the signatories) in order to avoid duplicity, the stock agreements are attached as an

accurate exemplar of the remaining Plaintiffs' contracts with MANOR GLENN.

34.     As current members of MANOR GLENN (hereinafter "Plaintiffs") and members during

the period of wrongs alleged herein, these Plaintiffs have standing to assert the claims on behalf

of MANOR GLENN and similarly situated members, and will fairly and adequately protect the

interest of MANOR GLENN and its other members.

## THE NOMINAL DEFENDANT

35.     Defendant MANOR GLENN, was and is a Florida Limited Liability Limited Liability

Company organized and existing under the laws of Florida, with its principal place of business in

Miami-Dade County, Florida, owning a real estate development named Manor Glenn located in

College Park, Georgia. It is a Manager-Managed Limited Liability Company.

36.     At all times material hereto, Defendant MANOR GLENN, held itself out to the community as a successful and solvent development.

37.     At all times material hereto, Defendant MANOR GLENN, acted through the Defendant Directors named herein, all of whom had a fiduciary duty to exercise reasonable care and due diligence in the management of MANOR GLENN and to act in the best interest of MANOR GLENN's members.

## THE MANAGER/DIRECTOR DEFENDANTS

38.     Defendant, VALERIA SEMINARA, was and is a citizen and resident of the state of Florida, and is *sui juris.* Upon information and belief, VALERIA SEMINARA was and is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

39.     Defendant, CHRISTIAN FINKELBERG, was and is a citizen and resident of the state of Florida, and is *sui juris.* CHRISTIAN FINKELBERG was and is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

40.     Defendant, LIDIA SALERNO, was and is a citizen and resident of the state of Florida, and is *sui juris.* LIDIA SALERNO was and is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

41.     Defendant, ANDRES ROBERTO FINKELBERG, was and is a citizen and resident of the state of Florida, and is *sui juris.* ANDRES ROBERTO FINKELBERG, was and is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

42.     Defendant, RUBEN SANTURIAN, was and is a citizen and resident of the state of Florida, and is *sui juris.* RUBEN SANTURIAN was and is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

43.     Defendant, DIEGO BESGA, was and is a citizen and resident of the state of Florida, and

In Re: Manor Glenn Investments, LLC

Page 12 of 41

is *sui juris*. DIEGO BESGA, is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

44.     Defendant, RUBEN SANTURIAN, was and is a citizen and resident of the state of Florida, and is *sui juris*. RUBEN SANTURIAN is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

45.     Defendant, ALEX NAHABETIAN, was and is a citizen and resident of the state of Florida, and is *sui juris*. ALEX NAHABETIAN, is a member of TEAM REAL ESTATE DEVELOPMENT, LLC.

46.     The above-named individual Members Directors are collectively referred to hereinafter as simply "the Defendant Directors."

47.     Pursuant to the form operating agreement drafted by Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, was delegated authority to direct operating of MANOR GLENN INVESTMENTS, LLC, by the former Manager, TEAM REAL ESTATE MANAGEMENT, LLC. By reason of their positions as members, managers, directors, officers, and/or fiduciaries of TEAM REAL ESTATE DEVELOPMENT, LLC, MANOR GLENN's director, and because of their ability to control the business, corporate and financial affairs of MANOR GLENN, each of the Defendant Directors owed MANOR GLENN and its members the duty to exercise due care and diligence in the management and administration of the affairs of MANOR GLENN and in the use and preservation of its property and assets; the duty of loyalty, to put the interests of MANOR GLENN above their own financial interests; and the duty of candor, including full and candid disclosure of all material facts related thereto. Further, the Defendant Directors owed a duty to MANOR GLENN, and its members to ensure that MANOR GLENN operated in compliance with all applicable State and Federal laws and regulations, and MANOR GLENN would not engage in any unsound, unlawful or unsafe business practices. The conduct of the Defendant Directors complained of herein involves knowing violations of their duties as Directors of MANOR

GLENN, and the absence of good faith on their part, which the Defendant Directors knew, or should have been aware, posed a risk of serious injury or loss to MANOR GLENN and its members.

48.     Plaintiffs have retained undersigned counsel to represent them in this action and are obligated to pay counsel reasonable attorneys' fees for their services and reimbursement of their costs incurred.

49.     All conditions precedent to the commencement of this direct action have occurred or have been satisfied or performance would be futile. In particular, Defendant TEAM REAL ESTATE DEVELOPMENT as MANOR GLENN's manager and designated representative, rejected earlier attempts by members to investigate the alleged wrongdoings and come to an amicable resolution of their concerns. At all relevant times, Defendant TEAM REAL ESTATE DEVELOPMENT as MANOR GLENN designated representative became intransigent, necessitating this suit and thereby exposing past and current officers and directors to civil liability. For the first time in August and September 2015, the members requested an accounting of all monies which TRED has been unwilling and/or unable to provide.  What was finally provided in January 2016 was inaccurate and incomplete.

## THE TEAM REAL ESTATE CORPORATE DEFENDANTS

50.     TEAM REAL ESTATE MANAGEMENT, LLC, is a Florida Limited Liability Company doing business in Miami-Dade County, Florida and upon information and belief is a joint venture with TEAM REAL ESTATE DEVELOPMENT, LLC, ATLANTA R.E. INVESTMENT GROUP, LLC, and TEAM REAL ESTATE TITLE SERVICES, LLC.

51.     TEAM REAL ESTATE DEVELOPMENT, LLC, is a Florida Limited Liability Company doing business in Miami-Dade County and upon information and belief is a joint venture with TEAM REAL ESTATE MANAGEMENT, LLC, ATLANTA R.E. INVESTMENT GROUP,

LLC, and TEAM REAL ESTATE TITLE SERVICES, LLC.

52.     ATLANTA R.E. INVESTMENTS GROUP, LLC, is a Florida Limited Liability Company doing business in Miami-Dade County, Florida and upon information and belief is a joint venture with TEAM REAL ESTATE MANAGEMENT, LLC, TEAM REAL ESTATE DEVELOPMENT, LLC and TEAM REAL ESTATE TITLE SERVICES, LLC.

53.     TEAM REAL ESTATE TITLE SERVICES, LLC, is a Florida Limited Liability Company doing business in Miami-Dade County, Florida and upon information and belief is a joint venture with TEAM REAL ESTATE MANAGEMENT, LLC, TEAM REAL ESTATE DEVELOPMENT, LLC and ATLANTA R.E. INVESTMENTS GROUP, LLC.

## JURISDICTION AND VENUE

54.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 USC § 1367.

55.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in the Miami-Dade County.

## BACKGROUND FACTS

56.     In early 2014, TEAM REAL ESTATE MANAGEMENT, LLC, began soliciting foreign investors to fund a project known as MANOR GLENN.

57.     At all times material hereto, Defendants, SEMINARA, SALERNO, FINKELBERG, SANTURIAN, BESGA and others working for Defendant TEAM REAL ESTATE MANAGEMENT, LLC, were the agents, ostensible agents, servants, shareholders, partners, and/or employees in or of the Defendant TEAM REAL ESTATE MANAGEMENT, LLC and were acting within the course and scope of their employment with Defendant TEAM REAL ESTATE MANAGEMENT, LLC and were at all times material hereto in and upon the business of Defendant TEAM REAL ESTATE MANAGEMENT, LLC.

In Re: Manor Glenn Investments, LLC
Page 15 of 41

58.     Defendants contacted Plaintiffs to solicit investments, and in concert, made the following representations—if the Plaintiffs invested in MANOR GLENN they would receive a guaranteed return on their investment of 12%.

59.     TEAM REAL ESTATE MANAGEMENT, LLC, by and through its members and manager solicited $3.2 million dollars from the foreign investor Plaintiffs and others to allegedly to purchase and convert the project known as Manor Glenn into condominiums.  Since the initial private offering, TEAM REAL ESTATE MANAGEMENT lied to the members and consistently has failed to provide an accounting of MANOR GLENN from the actual price of the project to its monthly fees, ongoing construction, etc.

60.     The Defendants represented to the Plaintiffs that the purchase price of the property was $2,482,400.80 but in reality was $1,725,000.00.

61.     Upon information and belief, TEAM REAL ESTATE MANAGEMENT, LLC, and ATLANTA R.E. INVESTMENTS, LLC, are joint ventures or alter egos controlled and managed by the same individuals listed in Paragraphs 21-28.

62.     In 2014, TEAM REAL ESTATE MANAGEMENT, LLC issued an initial offering and solicited investors.  See attached Exhibit B dated May 6, 2014.

63.     Plaintiffs invested in the Company purchasing ownership with a value of $32,000.00 for each percentage of the LLC.

64.     As set forth in the claims below, MANOR GLENN's willful diversion of corporate assets to the personal projects of its manager, as well as its grossly negligent operation and supervision of MANOR GLENN's, were in violation of both Plaintiffs' respective Agreements with MANOR GLENN (which incorporate MANOR GLENN's Operating Agreement by reference therein).  Furthermore, the unlawful acts engaged in by MANOR GLENN's directors, from which they derived improper personal benefit, are in violation of the good faith requirements of §605.04901

In Re: Manor Glenn Investments, LLC
Page 16 of 41

Florida Statutes.

65.   Additionally, Defendants committed waste by allowing the property to deteriorate significantly until its removal as manager in late 2015.

66.   For months prior to the filing of this lawsuit, the individual Plaintiffs made requests to Defendants asking for status updates and an accounting of funds remaining which were summarily ignored.

67.   When some records were finally provided by Defendant, TEAM REAL ESTATE MANAGEMENT, the limited records provided indicated checks and bills being paid to and by unrelated entities and are indicative signs of an active ongoing effort to defraud or at a minimum mislead investors.

68.   Any notice or demand required by law (including without limitation Fla. Stat. § 605.0802) or contract to be provided to Nominal Defendant, MANOR GLENN, is futile and/or waived due the actions of Defendant TEAM REAL ESTATE MANAGEMENT, LLC, who is the former Manager of MANOR GLENN INVESTMENTS, LLC.

69.   Any notice or demand required by law or contract to be provided to Nominal Defendant, MANOR GLENN is further futile due to the removal of TEAM REAL ESTATE MANAGEMENT as manager and their status of no longer having control over MANOR GLENN.

70.   Any notice or demand required by law or contract is further futile and/or waived as any additional delay will cause irreparable injury to Nominal Defendant, MANOR GLENN waiting for TEAM REAL ESTATE MANAGEMENT to act.

71.   All conditions precedent to the filing of this action against Defendants, as indicated below, have been met.

**THE DIRECT ACTION**
**COUNT I—BREACH OF CONTRACT**

72.   The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

In Re: Manor Glenn Investments, LLC
Page 17 of 41

73.    At all times material hereto, the Plaintiff members named herein had a contractual

relationship with Defendant MANOR GLENN pursuant to their Restrictive Member  Agreements

(attached as composite Exhibits "A" and "B" hereto), pursuant to which MANOR GLENN,

through its directors, had an obligation to exercise reasonable care and due diligence in the

financial affairs of the Limited Liability Company, and to adhere to the contractual principles of

good faith and fair dealing with respect to the use of the substantial monetary investments

contributed by the Plaintiffs and other members of MANOR GLENN. Furthermore, MANOR

GLENN's Operating Agreement (which is incorporated by reference and made a part of the

Restrictive Member Agreement) required the MANAGER to exercise prudence and sound

business judgment with respect to the management of MANOR GLENN and to ensure that

MANOR GLENN operated with best practices.

74.    During the period Defendants were in control of MANOR GLENN they breached this

contract by failing to start construction, failing to maintain the property, failing to provide security

to the property, failing to provide regular status reports, failing to maintain adequate insurance

coverage and failing to complete their agreed upon duties.

75.    As a direct and proximate result of Defendant MANOR GLENN's breach of its contractual

duties to the Plaintiff members as enumerated herein, the Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs have been damaged in amounts equal to their rightful ownership

of company, loss of use of investment income, loss of promised profits and demand judgment

against Defendants, its manager and the Defendant Directors named herein, for damages,

prejudgment interest, costs, and attorneys' fees if awardable.

### COUNT II—BREACH OF FIDUCIARY DUTY IN VIOLATION OF FLORIDA STATUTES SECTIONS 605.04091

76.    The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

77.    At all times material hereto, Defendant MANOR GLENN, and the individual Defendants

named herein, had a fiduciary duty to MANOR GLENN's members to exercise good faith and due diligence in the financial affairs of MANOR GLENN.  Defendants, in agreeing to manage the Company, also undertook a common law fiduciary duty to the Plaintiff investors to perform their duties in the investor Plaintiff's best interests; specifically, the Plaintiff investors reposted trust and confidence in Defendants, which they accepted, agreeing to manage and develop MANOR GLENN on behalf of the foreign members.

78.    At all times material hereto, the individual Officers and Directors of MANOR GLENN were acting in the course and scope of their management duties and responsibilities with MANOR GLENN, and MANOR GLENN maintained control over MANOR GLENN's operation through its Board of Directors, and MANOR GLENN is therefore liable for the acts and/or omissions of its directors.

79.    Pursuant to Fla. Stat. §605.04091, the manager and its related entities Directors of MANOR GLENN named as Defendants herein, had a duty to Plaintiff to discharge their duties:

a)  In good faith;

b)  With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and

c)  In a matter he or she reasonably believes to be in the best interests of the Limited Liability Company.

80.    The Defendant Directors breached this statutory duty of good faith and fair dealing to the Plaintiff members through the following acts and/or omissions of corporate mismanagement and unscrupulous practices;

a)    Failing to follow do good business practices;

b)    Failing to follow its own operating agreement;

c)    Paying the  manager,  a  management  fee  in  contravention  of  the  Operating

Agreement; and,

d)   beginning the conversion of the property to condominiums in contravention to the

Operating Agreement;

e)   Failing to maintain property insurance for the property;

f)   Failing to provide proper security and protection for the property resulting in the

theft of significantly all of the air conditioners;

g)   Failing to promptly report the theft of air conditioners to the police; and,

h)   Failing to pay the utilities for the property.

81.   Most concerning is that Defendants failed to inspect and maintain both the property, as

well as their property insurance.

82.   Defendants originally has an "all claims policy" with Seneca Specialty Insurance

Company.

83.   On or about December 10, 2014, Defendants cancelled their "special form coverage" with

Seneca, which provided them with full coverage for the subject property. Defendants then

downgraded the policy to the most basic policy, which provided only "form coverage."

84.   On or about February 26, 2015, Defendants cancelled their insurance with Seneca

completely. Defendants did not take out insurance on the property with any other company.

85.   On or about May 19, 2015, Defendants filed a police report, alleging the air conditioning

units had been stolen from the property on February 23, 2015—almost three (3) months prior to

the date of the report and, conveniently, three (3) days prior to the cancellation of the policy.

86.   Predictably, Seneca sent a reservation of rights under the policy reserved all rights under

the policy, noting that Defendants had a duty to mitigate their damage. Seneca also noted that

based on the facts reported, it was likely that some or all of the claimed losses may have occurred

after Defendants had cancelled their policy, especially given the length of time between the

In Re: Manor Glenn Investments, LLC
Page 20 of 41

claimed date of loss and the date of the reporting of the loss to police and Seneca.

87.    Additionally, SENECA has requested an Examination Under Oath of the person with the most knowledge of the claim.  Defendants have refused to agree to sit for the examination.

88.    Pursuant to Fla. Stat §605.04091 and §605.0801(2) MANOR GLENN and its manager, and related companies are liable to the Plaintiff members for the corporate mismanagement of MANOR GLENN because the manager or director's failure to perform their duties involved transactions from which the directors enjoyed direct and/or indirect personal benefit - including but not limited to: self-dealing, use of MANOR GLENN's capital for their own uses and other unknown uses since the members have not been provided access to the accounting.

89.    As a direct and proximate result of Defendant MANOR GLENN's breach of its fiduciary and statutory duties to its members as enumerated herein, the funds and assets of the Defendant MANOR GLENN are being mismanaged and wasted, and/or diverted - thereby resulting capital losses to the Plaintiffs.

        WHEREFORE, Plaintiffs have been damaged in amounts equal to their rightful ownership of the company, loss of use of investment income, loss of promised profits and demand judgment against Defendants, its manager and the Defendant Directors named herein, for damages, prejudgment interest, costs, and attorneys' fees if awardable.

## COUNT III- FRAUD IN THE INDUCEMENT

90.    The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

91.    As set forth more particularly above, the Defendants entered into various agreements, transactions and contributions of investment monies, in accordance with which, certain of the Defendants agreed to repay such entities amounts consistent with the agreed distributions above, and in return, the Plaintiffs agreed to participate in the Development.

92.    Prior to and during such time and specifically in connection with the Operating Agreement,

In Re: Manor Glenn Investments, LLC
Page 21 of 41

the Defendants, acting individually and on behalf of various entities, made fraudulent misrepresentations or omissions to the Plaintiffs regarding material facts, including, but not limited to, the Development's operations, financial condition, ownership, debt and equity structure, operating entities, service provision and asset identity, ownership, price and location (collectively the "Misrepresentations").

93.     Specifically, Defendants contacted Plaintiffs to solicit investments and in concert made the following representations that if the Plaintiffs invested in MANOR GLENN they would receive a guaranteed return on their investment of 12%.

94.     TEAM REAL ESTATE MANAGEMENT, LLC, by and through its members and manager solicited $3.2 million dollars from the Plaintiffs and others to allegedly to purchase and convert the project known as Manor Glenn into condominiums.

95.     The Defendants represented to the Plaintiffs that the purchase price of the property was $2,482,400.80 but in reality was $1,725,000.00. The additional $757, 400.80 has not been accounted for by Defendants.

96.     The Misrepresentations, made by the Defendants, were asserted despite the Defendants knowledge that the Misrepresentations—that included the fictitious price of the property—were false or misleading, with reckless disregard for the truth or falsity of the Misrepresentations, or with the intent to imply knowledge of the truth of the Misrepresentations from the positive character of the assertions.

97.     The Defendants made the Misrepresentations with the intent to induce the Plaintiff Group to enter into MANOR GLENN Operating Agreement and to make contributions of investment monies in the Development.

98.     In justifiable reliance upon the Misrepresentations made, the Plaintiff Group did in fact enter into and execute MANOR GLENN Operating Agreement and make contributions of

In Re: Manor Glenn Investments, LLC
Page 22 of 41

investment monies in the Development.

99.     Had the Misrepresentations not been made, the Plaintiffs would have negotiated different terms with respect to the contributions of investment monies or would not have made contributions of investment monies at all.

100.     In summary, the other parties to MANOR GLENN Operating Agreement never intended to abide by the terms of such agreement and never intended to make distributions to the Plaintiffs as had been agreed.

101.      As set forth above, the pattern of non-disclosures is consistent with the fraudulent scheme of these Defendants.

WHEREFORE, Plaintiffs have been damaged in amounts equal to their rightful ownership of the company, loss of use of investment income, loss of promised profits and demand judgment against Defendants, its manager and the Defendant Directors named herein, for damages, prejudgment interest, costs, and attorneys' fees if awardable.

## COUNT IV-ACCOUNTING

102.     The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

103.     This is an action for accounting under the equitable jurisdiction of this Court.

104.     Pursuant to certain agreements and their status as members Plaintiffs are afforded the right to have access to and to inspect the books and records of such entities.

105.     Plaintiffs and Defendants entered into an agreement to form MANOR GLENN INVESTMENTS, LLC.  A true and correct copy of the Agreement is attached as Exhibit "A."

106.     Defendants, TEAM REAL ESTATE MANAGEMENT, LLC was the manager of the Limited Liability Company and the Director Defendants were in control of TEAM REAL ESTATE MANAGEMENT, LLC and its related entities.

107.     Such defendants have control over such books and records requested by the Plaintiffs.

In Re: Manor Glenn Investments, LLC

Page 23 of 41

108.　As is set forth above, the Plaintiffs as members of MANOR GLENN, made demands to inspect certain books and records (the "Demands").  See attached Exhibit "C."

109.　The Plaintiffs Demands were in writing and set forth that the demand was being made for the purpose of determining the value of the Plaintiffs' right, entitlement and ownership in certain of the defendants, in light of and based upon the value of such defendant entities.

110.　Defendants provided a financial spreadsheet but no access to actual financial records.

111.　Subsequently, the Plaintiffs made additional demands for financial and accounting information including the balance sheet for the escrow account of TEAM REAL ESTATE TITLE SERVICES, LLC.

112.　No valid or legally sufficient basis exists for the unlawful withholding of the requested information.

113.　Plaintiffs have both a need and a basis for an accounting.

114.　Plaintiffs are entitled to an accounting from TEAM REAL ESTATE MANAGEMENT, LLC, and the Management Company, who are in possession of the records of the Development, to determine the amount of the equity owned by Plaintiffs.

115.　Plaintiffs have requested an accounting from Defendants, but they have refused.

116.　 All conditions precedent to the granting of the relief set forth herein have occurred or have been performed.

　　　　WHEREFORE, Plaintiffs respectfully request that this Court enter an Order finding that an accounting exists and order Defendants to produce the books of the Defendants companies as it relates to MANOR GLENN, or in the alternative appoint an independent auditor to determine the financial status of the company and to determine to where the monies invested by Plaintiffs have been diverted and grant any such other and further relief as this Court deems just and appropriate.

In Re: Manor Glenn Investments, LLC
Page 24 of 41

## COUNT V - INSPECTION OF BOOKS AND RECORDS
### PER FLORIDA STATUTE 605.0411

117.    The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

118.    This is an action for a court-ordered inspection of the books and records of the Company. It is expressly authorized by Florida Statute §605.0411, and this, is within the equitable jurisdiction of this Court.

119.    The Plaintiff members each own a percentage of the Company.

120.    After repeated oral and written requests made by various Plaintiffs to Defendant Directors to inspect the books and records of the Company were ignored, on or about December 16, 2015, a supermajority of the members of Manor Glenn made a demand for an accounting in compliance with Florida Statute §605.0411.  See attached Exhibit "D."

121.    The documents provided were woefully inadequate and non-responsive to the request.

122.    Pursuant to certain agreements, applicable law and their status as members, the Plaintiffs, as a members of the limited liability Limited Liability Company, are afforded the right to have access to and to inspect the books and records of MANOR GLENN and the Management Company and its related entities.

123.     Such defendants have control over the books and records requested by the Plaintiffs.

124.    As is set forth above, the Plaintiffs as members of MANOR GLENN, made demands to inspect certain books and records (the "Demands").

125.    The Plaintiffs demands were in writing and set forth that the demand was being made for the purpose of determining the value of the Plaintiffs' right, entitlement and ownership in certain of the defendants, in light of and based upon the value of such defendant entities.

126.    No valid or legally sufficient basis exists for the unlawful withholding of the requested information.

127.    As set forth above, certain of the defendants owe a fiduciary duty to the Plaintiffs and its

constituent members to account to the Plaintiffs for the profits on the subject Development.

128.    The Plaintiffs have both a need and a basis for access to the books and records.

129.    This is a matter of urgency.  Plaintiffs are entitled to a summary order compelling an Inspection, and/or is entitled to a disposition of this Court on an expedited basis.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order requiring an inspection of the books and records of TEAM REAL ESTATE MANAGEMENT COMPANY and its affiliated entities and grant any such other and further relief as this Court deems just and appropriate.

## THE DERIVATIVE CLAIMS

130.    The Plaintiffs bring this action derivatively in the right and for the benefit of MANOR GLENN to redress the injuries suffered, and to be suffered, by MANOR GLENN as a direct result of the negligence, breach of fiduciary duties, waste and/or misappropriation of corporate assets, and unjust enrichment alleged herein. MANOR GLENN is named as a nominal Defendant solely in a derivative capacity.

131.    The Plaintiffs will adequately and fairly represent the interest of MANOR GLENN in enforcing and prosecuting its rights.

132.    The Plaintiff members have set forth individual claims against specific MANOR GLENN's de facto Managers and Directors below based upon information available at the time of filing. As for the claims against the remaining Defendant Directors, they are memorialized in Counts VII through XI below - subject to further clarification once the Director Defendants and/or MANOR GLENN produces the records which would identify each Director's role in the misconduct described herein. To date, however, MANOR GLENN has provided inadequate records, refused and/or failed to produce any MANOR GLENN records in response to these members' statutory request(s) for an accounting of monies spent.

In Re: Manor Glenn Investments, LLC
Page 26 of 41

## COUNT VI—MEMBERS' DERIVATIVE CLAIM FOR BREACH OF
## FIDUCIARY DUTY AGAINST TEAM REAL ESTATE DEVELOPMENT, LLC,
## AND VALERIA SEMINARA

133.    The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

134.    At all times material hereto, Defendant VALERIA SEMINARA as an officer or manager of TEAM REAL ESTATE MANAGEMENT, LLC, and/or TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

135.    Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, and SEMINARA likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance his personal and business interests at the expense of MANOR GLENN and its members. Furthermore, with TEAM REAL ESTATE DEVELOPMENT, LLC in MANOR GLENN's operations, it and she had a heightened duty to ensure that MANOR GLENN complied with its own Operating Agreement.

136.    Defendant SEMINARA, as an officer or member of TEAM REAL ESTATE MANAGEMENT, LLC and/or TEAM REAL ESTATE DEVELOPMENT, LLC, and in her individual capacity, breached her fiduciary duties to MANOR GLENN and its members by the following wrongful acts and/or omissions:

  a)      Failing to account for monies spent on behalf of MANOR GLENN;

  b)      Deliberately misrepresenting the purchase price of the property; and,

  c)      Failing to follow the promises put forth in the initial private offering;

137.    As a direct and proximate result of Defendant SEMINARA's breach of her fiduciary duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation and opportunity and good will.

WHEREFORE, the Plaintiff members named herein request that:

a)  The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant TEAM REAL ESTATE DEVELOPMENT, LLC.

b)  Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and SEMINARA be ordered to pay to MANOR GLENN the amount of losses attributable to her misconduct and that judgment be entered against the Defendant SEMINARA or TEAM REAL ESTATE DEVELOPMENT for this sum, together with interest on that amount;

c)  Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)  Plaintiffs be granted such other and further relief as the Court deems just and proper.

**COUNT VII—MEMBERS' DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST CHRISTIAN FINKELBERG**

138.  The allegations of Paragraph 1 through 71 are re-alleged and incorporated herein.

139.  At all times material hereto, Defendant CHRISTIAN FINKELBERG as a director and/or member of TEAM REAL ESTATE MANAGEMENT, LLC, and/or TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

140.  Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, TEAM REAL ESTATE MANAGEMENT, LLC, and FINKELBERG likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance his personal and business interests at the expense of MANOR GLENN and its members. Furthermore, with TEAM REAL ESTATE

DEVELOPMENT, LLC in MANOR GLENN's operations, it and he had a heightened duty to ensure that MANOR GLENN complied with its own Operating Agreement.

141.    Defendant FINKELBERG, as member of TEAM REAL ESTATE DEVELOPMENT, LLC, and in his individual capacity, breached his fiduciary duties to MANOR GLENN and its members by the following wrongful acts and/or omissions:

    a)    Failing to account for monies spent on behalf of MANOR GLENN;

    b)    Deliberately misrepresenting the purchase price of the property;

    c)    Failing to follow the promises put forth in the initial private offering;

    d)    Failing to sit for an Examination Under Oath as requested by SENECA insurance company; and,

    e)    Failing to properly respond to the Seneca's Request for Documents; and,

    f)    Failing to cooperate with Seneca as required by the Policy.

142.    As a direct and proximate result of Defendant FINKELBERG's breach of his fiduciary duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation, and opportunity and good will.

WHEREFORE, the Plaintiff members named herein request that:

    a)    The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendants TEAM REAL ESTATE DEVELOPMENT, LLC and TEAM REAL ESTATE MANAGEMENT, LLC.

    b)    Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and FINKELBERG be ordered to pay to MANOR GLENN the amount of losses attributable to his misconduct and that judgment be entered against the Defendant FINKELBERG or TEAM REAL ESTATE DEVELOPMENT for this sum, together with interest on

that amount;

c)    Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)    Plaintiffs be granted such other and further relief as the Court deems just and proper.

## COUNT VIII —MEMBERS' DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST LIDIA SALERNO

143.    The allegations of Paragraph 1 through 71 are re-alleged and incorporated herein.

144.    At all times material hereto, Defendant LIDIA SALERNO as a manager and/or member of TEAM REAL ESTAETE MANAGEMENT, LLC, and/or TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

145.    Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, and SALERNO likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance her personal and business interests at the expense of MANOR GLENN and its members. Furthermore, with TEAM REAL ESTATE MANAGEMENT, LLC and TEAM REAL ESTATE DEVELOPMENT, LLC in MANOR GLENN's operations, it and she had a heightened duty to ensure that MANOR GLENN complied with its own Operating Agreement.

146.    Defendant SALERNO, as member of TEAM REAL ESTATE MANAGEMENT, LLC, director or employee of TEAM REAL ESTATE DEVELOPMENT, LLC, and in her individual capacity, breached his fiduciary duties to MANOR GLENN and its members by the following wrongful acts and/or omissions:

a)    Failing to account for monies spent on behalf of MANOR GLENN;

b)    Deliberately misrepresenting the purchase price of the property; and,

In Re: Manor Glenn Investments, LLC
Page 30 of 41

    c)     Failing to follow the promises put forth in the initial private offering;

147.   As a direct and proximate result of Defendant SALERNO's breach of his fiduciary duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation and opportunity and good will.

    WHEREFORE, the Plaintiff members named herein request that:

    a)     The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant TEAM REAL ESTATE DEVELOPMENT, LLC.

    b)     Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and SALERNO be ordered to pay to MANOR GLENN the amount of losses attributable to her misconduct and that judgment be entered against the Defendant SALERNO or TEAM REAL ESTATE DEVELOPMENT for this sum, together with interest on that amount;

    c)     Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

    d)     Plaintiffs be granted such other and further relief as the Court deems just and proper.

### COUNT IX —MEMBERS' DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST ANDRES ROBERTO FINKELBERG

148.   The allegations of Paragraph 1 through 71 are re-alleged and incorporated herein.

149.   At all times material hereto, Defendant ANDRES ROBERTO FINKELBERG was a manager of TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

150.   Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, and FINKELBERG likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance his personal and business interests at the expense of MANOR GLENN and its members. Furthermore, with TEAM REAL ESTATE DEVELOPMENT, LLC in MANOR GLENN's operations, it and he had a heightened duty to ensure that MANOR GLENN complied with its own Operating Agreement.

151.   Defendant FINKELBERG, as member of TEAM REAL ESTATE DEVELOPMENT, LLC, and in his individual capacity, breached his fiduciary duties to MANOR GLENN and its members by the following wrongful acts and/or omissions:

     a)    Failing to account for monies spent on behalf of MANOR GLENN;

     b)    Deliberately misrepresenting the purchase price of the property;

     c)    Failing to follow the promises put forth in the initial private offering;

152.   As a direct and proximate result of Defendant FINKELBERG's breach of his fiduciary duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation and opportunity and good will.

    WHEREFORE, the Plaintiff members named herein request that:

     a)    The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant TEAM REAL ESTATE DEVELOPMENT, LLC.

     b)    Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and FINKELBERG be ordered to pay to MANOR GLENN the amount of losses attributable to his misconduct and that judgment be entered against the Defendant FINKELBERG or TEAM REAL ESTATE DEVELOPMENT for this sum, together with interest on that amount;

c)      Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)      Plaintiffs be granted such other and further relief as the Court deems just and proper.

**COUNT X —MEMBERS' DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST RUBEN SANTURIAN**

153.    The allegations of Paragraph 1 through 71 are re-alleged and incorporated herein.

154.    At all times material hereto, Defendant RUBEN SANTURIAN was an employee, agent or joint venturer of TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

155.    Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, and SANTURIAN likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance his personal and business interests at the expense of MANOR GLENN and its members. Furthermore, with TEAM REAL ESTATE DEVELOPMENT, LLC in MANOR GLENN's operations, it and he had a heightened duty to ensure that MANOR GLENN complied with its own Operating Agreement.

156.    Defendant SANTURIAN, as employee, agent or joint venturer of TEAM REAL ESTATE DEVELOPMENT, LLC, and in his individual capacity, breached his fiduciary duties to MANOR GLENN and its members by the following wrongful acts and/or omissions:

a)      Failing to account for monies spent on behalf of MANOR GLENN;

b)      Deliberately misrepresenting the purchase price of the property;

c)      Failing to follow the promises put forth in the initial private offering;

157.    As a direct and proximate result of Defendant SANTURIAN's breach of his fiduciary

In Re: Manor Glenn Investments, LLC
Page 33 of 41

duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation and opportunity and good will.

WHEREFORE, the Plaintiff members named herein request that:

a) The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant TEAM REAL ESTATE DEVELOPMENT, LLC.

b) Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and RUBEN SANTURIAN be ordered to pay to MANOR GLENN the amount of losses attributable to his misconduct and that judgment be entered against the Defendant RUBEN SANTURIAN or TEAM REAL ESTATE DEVELOPMENT for this sum, together with interest on that amount;

c) Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d) Plaintiffs be granted such other and further relief as the Court deems just and proper.

## COUNT XI —MEMBERS' DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST DIEGO BESGA

158.    The allegations of Paragraph 1 through 71 are re-alleged and incorporated herein.

159.    At all times material hereto, Defendant DIEGO BESGA was an employee, agent or joint venturer TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

160.    Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, and BESGA likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance his personal and business interests at the expense of MANOR GLENN and its members. Furthermore,

with TEAM REAL ESTATE DEVELOPMENT, LLC in MANOR GLENN's operations, it and

he had a heightened duty to ensure that MANOR GLENN complied with its own Operating

Agreement.

161.    Defendant BESGA, as member of TEAM REAL ESTATE DEVELOPMENT, LLC, and

in his individual capacity, breached his fiduciary duties to MANOR GLENN and its members by

the following wrongful acts and/or omissions:

      a)      Failing to account for monies spent on behalf of MANOR GLENN;

      b)      Deliberately misrepresenting the purchase price of the property;

      c)      Failing to follow the promises put forth in the initial private offering;

162.    As a direct and proximate result of Defendant BESGA's breach of his fiduciary duties,

MANOR GLENN and its members have suffered substantial monetary losses, as well as damage

to MANOR GLENN's reputation, business operation and opportunity and good will.

      WHEREFORE, the Plaintiff members named herein request that:

      a)      The Court ascertain and determine the losses sustained by the Defendant MANOR
           GLENN by reason of the wrongful acts and negligence of the Defendant TEAM
           REAL ESTATE DEVELOPMENT, LLC.

      b)      Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and BESGA be
           ordered to pay to MANOR GLENN the amount of losses attributable to his
           misconduct and that judgment be entered against the Defendant BESGA or TEAM
           REAL ESTATE DEVELOPMENT for this sum, together with interest on that
           amount;

      c)      Plaintiffs be awarded reasonable expenses for maintaining this action, including
           attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

      d)      Plaintiffs be granted such other and further relief as the Court deems just and

proper.

## COUNT XII —MEMBERS' DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST ALEX NAHABETIAN

163.    The allegations of Paragraph 1 through 71 are re-alleged and incorporated herein.

164.    At all times material hereto, Defendant NAHABETIAN was an employee, agent or joint venturer of TEAM REAL ESTATE DEVELOPMENT, LLC, and its members both common law and statutory fiduciary obligations under Florida Statute §605.04091, Florida Statutes, of good faith, fair dealing, loyalty and due care in the management and oversight of MANOR GLENN's affairs.

165.    Defendants, TEAM REAL ESTATE DEVELOPMENT, LLC, and NAHABETIAN likewise held a fiduciary duty of care to refrain from gross negligence and conduct which would advance his personal and business interests at the expense of MANOR GLENN and its members. Furthermore, with TEAM REAL ESTATE DEVELOPMENT, LLC in MANOR GLENN's operations, it and she had a heightened duty to ensure that MANOR GLENN complied with its own Operating Agreement.

166.    Defendant NAHABETIAN, as member of TEAM REAL ESTATE DEVELOPMENT, LLC, and in her individual capacity, breached his fiduciary duties to MANOR GLENN and its members by the following wrongful acts and/or omissions:

    a)      Failing to account for monies spent on behalf of MANOR GLENN;

    b)      Deliberately misrepresenting the purchase price of the property;

    c)      Failing to follow the promises put forth in the initial private offering;

167.    As a direct and proximate result of Defendant NAHABETIAN's breach of his fiduciary duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation and opportunity and good will.

    WHEREFORE, the Plaintiff members named herein request that:

a)  The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant TEAM REAL ESTATE DEVELOPMENT, LLC.

b)  Defendant TEAM REAL ESTATE DEVELOPMENT, LLC, and NAHABETIAN be ordered to pay to MANOR GLENN the amount of losses attributable to his misconduct and that judgment be entered against the Defendant BESGA or TEAM REAL ESTATE DEVELOPMENT for this sum, together with interest on that amount;

c)  Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)  Plaintiffs be granted such other and further relief as the Court deems just and proper.

## COUNT XIII—MEMBER'S DERIVATIVE CLAIM FOR NEGLIGENCE

168.    The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

169.    At all times material hereto, the Plaintiffs named herein were and are the members of the Defendant MANOR GLENN, during the wrongful conduct alleged herein.

170.    At all times material hereto, while the Defendant Directors were in control of the operation and management of MANOR GLENN, they negligently failed to perform their duties and/or the Defendant Directors carried out their duties in a reckless way so that funds and assets of MANOR GLENN, were mismanaged and wasted. Specifically, the Defendant Directors, acting in concert, committed the following negligent acts or omissions during the time that they were in positions of control with MANOR GLENN:

a)  Failing to account for monies spent on behalf of MANOR GLENN;

b)  Deliberately misrepresenting the purchase price of the property;

c)     Failing to follow the promises put forth in the initial private offering;

171.   As a direct and proximate result of Defendant Director's breach of his fiduciary duties, MANOR GLENN and its members have suffered substantial monetary losses, as well as damage to MANOR GLENN's reputation, business operation and opportunity and good will.

172.   As a direct and proximate result of the negligence of the Defendant Directors as described herein, the Plaintiffs and other similarly-situated members, as well as the Defendant MANOR GLENN, suffered great loss.

WHEREFORE, the Plaintiff members named herein request that:

a)     The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant Directors;

b)     Defendant Directors be ordered to pay to MANOR GLENN the total amount of its losses and that judgment be entered against the Defendant Directors for this sum, together with interest on that amount;

c)     Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)     Plaintiffs be granted such other and further relief as the Court deems just and proper.

### COUNT XIV—MEMBERS' DERIVATIVE CLAIM FOR UNJUST ENRICHMENT

173.   The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

174.   By utilizing the substantial monetary investments made by the Plaintiff members to capitalize MANOR GLENN, and then engaging in the wrongful acts enumerated above for their own personal profit and gain, the Defendant Directors acted in concert and accepted the **significant** benefit conferred upon them by the members, and squandered the Plaintiffs' collective investment in MANOR GLENN under circumstances that make it inequitable for the Defendant Directors to

In Re: Manor Glenn Investments, LLC
Page 38 of 41

retain the benefit without paying the value thereof.

175.    As a direct and proximate result of the acts complained of herein, the Defendant Directors have been and will continue to be unjustly enriched at the expense of, and to the detriment of, MANOR GLENN and its members.

176.    As a direct and proximate result of these acts, MANOR GLENN has suffered substantial monetary losses which have jeopardized its solvency and viability, and which have eviscerated the value of the capital stock held by these Plaintiffs.

WHEREFORE, the Plaintiff members named herein request that:

a)    The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant Directors;

b)    Defendant Directors be ordered to pay to MANOR GLENN the total amount of its losses and that judgment be entered against the Defendant Directors for this sum, together with interest on that amount;

c)    Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)    Plaintiffs be granted such other and further relief as the Court deems just and proper.

## COUNT XV—MEMBERS' DERIVATIVE CLAIM AGAINST TEAM REAL ESTATE TITLE SERVICES, LLC FOR BREACH OF FIDUCIARY DUTY

177.    The allegations of Paragraphs 1 through 71 are re-alleged and incorporated herein.

178.    TEAM REAL ESTATE TITLE SERVICES, LLC, held positions of trust with regard to MANOR GLENN and therefore had respective fiduciary duties to make decisions that were in the best interests of MANOR GLENN. In that regard, TEAM REAL ESTATE TITLE SERVICES, LLC, had a duty to handle the investors' money in a reasonable and prudent manner and to disburse said funds to TEAM REAL ESTATE MANAGEMENT, LLC, in accordance with MANOR GLENN's best interest.

In Re: Manor Glenn Investments, LLC
Page 39 of 41

179.   TEAM REAL ESTATE TITLE SERVICES breached its fiduciary duty to MANOR

GLENN by failing to properly supervise the disbursements of the investors' monies in violation

of standard general practices in the real estate development industry.

180.   TEAM REAL ESTATE TITLE SERVICES breached its fiduciary duty owed to MANOR

GLENN by disbursing substantial monies to TEAM REAL ESTATE MANAGEMENT at, or

shortly after, closing rather than in accordance with the terms of the Escrow Agreement and the

Settlement Statement.

181.   It is apparent that based on the manner in which TEAM REAL ESTATE TITLE

SERVICES disbursed the proceeds to TEAM REAL ESTATE MANAGEMENT that it was the

intent of TEAM REAL ESTATE MANAGEMENT to take as much of the investor's monies as

possible as quickly as possible, without performing construction on the property.

182.   Consequently, had TEAM REAL ESTATE TITLE SERVICES in accordance with its

fiduciary duty, advised MANOR GLENN that the disbursal of the escrow funds to TEAM REAL

ESTATE MANAGEMENT was in violation of standard general practices in the real estate

industry, or had TEAM REAL ESTATE TITLE SERVICES refused to disburse the escrow funds

in a manner it knew or should have known was improper, the money would not have been

disbursed.

183.   As a direct and proximate result of TEAM REAL ESTATE TITLE's their fiduciary duty

owed to MANOR GLENN, MANOR GLENN has been damaged in the amount of $1,400,000.00,

which was improperly disbursed to TEAM REAL ESTATE MANAGEMENT.

184.   The Plaintiffs have been forced to retain undersigned counsel and have agreed to pay him

a reasonable attorney's fee, for which they are entitled to recovery.

        WHEREFORE, the Plaintiffs demand judgment against the Defendants TEAM REAL

ESTATE TITLE, less the fair market value of the properties, pre and post judgment interest, court

In Re: Manor Glenn Investments, LLC
Page 40 of 41

costs, attorney's fees and any and all other relief this Court deems just and proper.

185.    As a direct and proximate result of the acts complained of herein, the Defendant Directors have been and will continue to be unjustly enriched at the expense of, and to the detriment of, MANOR GLENN and its members.

186.    As a direct and proximate result of these acts, MANOR GLENN has suffered substantial monetary losses which have jeopardized its solvency and viability, and which have eviscerated the value of the capital stock held by these Plaintiffs.

WHEREFORE, the Plaintiff members named herein request that:

a)    The Court ascertain and determine the losses sustained by the Defendant MANOR GLENN by reason of the wrongful acts and negligence of the Defendant Directors;

b)    Defendant Directors be ordered to pay to MANOR GLENN the total amount of its losses and that judgment be entered against the Defendant Directors for this sum, together with interest on that amount;

c)    Plaintiffs be awarded reasonable expenses for maintaining this action, including attorney's fees and costs pursuant to 605.0805(2), Florida Statutes; and,

d)    Plaintiffs be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff members hereby demand a trial by jury of all issues so triable as a matter of right.

In Re: Manor Glenn Investments, LLC
Page 41 of 41

Respectfully submitted,

THE ORLOFSKY LAW FIRM, P.L.
Counsel for Plaintiffs, SILVER CROWN
INVESTMENTS, LLC, a Florida Limited
Liability Company, COSMO ESTATE
MANAGEMENT, LLC, a Florida Limited
Liability Company, GBG DEVELOPMENT
USA, LLC, a Florida Limited Liability
Company, INTERNATIONAL BC, LLC, a
Florida Limited Liability Company, M&A
USA, LLC, a Florida Limited Liability
Company, INVESTMENT GROUP AO1,
LLC, a Florida Limited Liability Company,, JP
& LO INVESTMENTS, LLC, a Florida
Limited Liability Company, GOLD COAST
INVESTMENTS, LLC, a Florida Limited
Liability Company, MILLAGE, LLC, a Florida
Limited Liability Company, TOMACLA, LLC,
a Florida Limited Liability Company, BA
INVESTMENTS USA, LLC, a Florida Limited
Liability Company, CMH GROUP
INTERNATIONAL, LLC, a Florida Limited
Liability Company, and LUCAS
INVESTMENTS, LLC, a Florida Limited
Liability Company
767 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: 305-538-2344
Facsimile:  305-907-5248

By:  /s_____
    ALEXANDER S. ORLOFSKY, ESQ.
    alex@orlofskylawfirm.com
    Florida Bar No. 676705

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 18th day

of August, 2017 on all parties via the Court's e-portal system.

By: /s Alexander S. Orlofsky
    ALEXANDER S. ORLOFSKY, ESQ.